### In re the MARRIAGE OF Leonard B. RANDLE, Appellant,

and

### Prentiss Randle, Respondent.

### No. WD 40572.

Missouri Court of Appeals, Western District.

Dec. 6, 1988.

Ronald E. Finley, Kansas City, for appellant.

Kay Maddel, Slough, Connealy & Irwin, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

Leonard Randle filed an action to dissolve his marriage with Prentiss Randle. The court dissolved the marriage, divided the marital property, and awarded Prentiss maintenance.  Leonard appeals from that part of the judgment which awarded Prentiss $600 per month maintenance;  which designated Prentiss as a surviving spouse for purposes of the Internal Revenue Code; awarded Prentiss more than 50% of Leonard's retirement benefits contrary to their agreement;  awarded Prentiss attorney fees;  and ordered Leonard to maintain his life insurance policy with Prentiss as the beneficiary.  The dispositive contention on appeal is that the award of maintenance is not supported by the evidence.  Reversed and remanded.

Leonard and Prentiss had been married 23 years and were the parents of two children,[1] one of whom was emancipated, at the time the judgment dissolving their marriage was entered.  Leonard testified that Prentiss had been suffering from schizophrenia for some years and had been frequently hospitalized.  He stated that at the time of trial Prentiss slept about eighteen hours per day.

A representative from the Social Security Administration testified that Prentiss had been found to be disabled and was currently receiving supplementary security income because of that disability in the amount of $240.67 per month.  The representative brought a copy of the social security file on Prentiss.  This revealed that Leonard was paying her rent of $255 per month and utilities in the amount of $150 per month. The disability award was made after considering the amount contributed by Leonard.

The court found the present value of Leonard's pension and awarded Prentiss

---

1.  The custody of the 16 year old son was awarded to both parties with Leonard ordered to pay Prentiss $275 per month child support.  No appeal was taken from this order.

50% of that amount with a formula to determine the exact percentage that she would receive at the time Leonard started receiving pension benefits.

In addition, Prentiss was awarded 50% of Leonard's employee savings plan and his employee's stock ownership plan with a total value of those plans being a little over $26,000. The evidence is not clear as to whether or not Leonard can obtain those funds prior to retirement. At the time of trial Leonard was in his early 40's. Leonard was ordered to pay debts of slightly over $17,000.

The dispositive point on appeal is Leonard's contention that there is no evidence to support the award of $600 per month in maintenance to Prentiss. Although Prentiss was present in court, she did not testify. Leonard testified and introduced in evidence his statement of income and expenses. There was nothing on that exhibit to indicate the amount of Prentiss's expenses. Prentiss was awarded her bank account, but there was no evidence as to the amount in that account. Prentiss was awarded the marital home which the evidence showed to be subject to a mortgage. There was no direct evidence as to the amount of the mortgage payment, although the social security records indicated Leonard was paying $255 per month rent. It may be that the $255 is in fact the house payment, but that does not appear with any certainty.

Although Prentiss is suffering from schizophrenia and the evidence shows that she is on medication, there was no evidence as to her medical expenses. In sum, there was no evidence from which the court could determine the reasonable needs of Prentiss to meet her monthly living expenses including her medical needs.

In *Horridge v. Horridge*, 618 S.W.2d 202, 205[4–7] (Mo.App.1981), this court held that under § 452.335.1 (now RSMo 1986), "... the trial court must have evidence to support a finding as to the reasonable needs of the spouse seeking maintenance ..." In *Trunko v. Trunko*, 642 S.W.2d 673, 676[5, 6] (Mo.App.1982), the court held that "... awards of maintenance are within the discretion of the trial court but such awards must be 'made within ... a reasonable tolerance of proof.'" Obviously, the award for maintenance cannot stand without evidence to support it.

The other matters about which Leonard complains on appeal are intertwined with the question of maintenance. For that reason it is not possible to determine the propriety of the judgment in those respects which are attacked on appeal until a proper judgment is entered fixing the amount of maintenance. For that reason the judgment should be reversed as to those issues from which this appeal is taken.

The judgment awarding Prentiss $600 per month maintenance; designating Prentiss as a surviving spouse for purposes of the Internal Revenue Code; awarding Prentiss an interest in Leonard's retirement benefits, his employee savings plan and stock ownership plan; awarding Prentiss attorney fees; and ordering Leonard to maintain his life insurance policy with Prentiss as the beneficiary is reversed and this cause is remanded for further proceedings as to those issues.

All concur.