**In re The Marriage of Nathaniel WOFFORD, III, Appellant,**

v.

**Deirdre D. Francis WOFFORD, Respondent.**

No. WD 46907.

Missouri Court of Appeals,
Western District.

Aug. 10, 1993.

Lloyd Koelker, Kansas City, for appellant.

Ronald R. Clark, Williams & Clark, Kansas City, for respondent.

Before TURNAGE, P.J., and BRECKENRIDGE and SPINDEN, JJ.

TURNAGE, Presiding Judge.

Nathaniel Wofford, III filed suit for the dissolution of his marriage to Deirdre D. Francis Wofford. The court dissolved the marriage and ordered Nathaniel to pay $200 per month maintenance to Deirdre. Nathaniel appeals from the award of maintenance. Reversed and remanded.

Both parties appeared pro se in the trial court. Nathaniel testified as to why he was seeking a dissolution. He had filed a statement of income and expenses which showed his take home pay to be $900 per month.

Deirdre did not file a statement of income and expenses but testified that since the marriage her health had deteriorated. She stated that she had been diagnosed with glaucoma and that she had had surgery on her right hand and that she was right-handed. She stated the surgery did not help her and the job she had required her to do a lot of writing. She stated it was now very painful to write. She indi-

cated that she had been working part-time but had not gone back to work because of her deteriorating eyesight.

Deirdre also testified that she had three children from another marriage. She stated that she was asking for $200 per month in maintenance.

The court found there was no marital property to be divided and ordered Nathaniel to pay Deirdre $200 per month maintenance.

There is no evidence in the record concerning the needs of Deirdre. Section 452.-335.1, RSMo 1988 Supp. provides that the court may grant maintenance to a spouse if it finds that the spouse lacks sufficient property to provide for his or her reasonable needs and is unable to be self-supporting through employment. In *In re the Marriage of Randle*, 762 S.W.2d 494, 495 (Mo.App.1988), this court stated:

> In *Horridge v. Horridge*, 618 S.W.2d 202, 205[4–7] (Mo.App.1981), this court held that under § 452.335.1 (now RSMo 1986), "... the trial court must have evidence to support a finding as to the reasonable needs of the spouse seeking maintenance ..." In *Trunko v. Trunko*, 642 S.W.2d 673, 676[5, 6] (Mo.App.1982), the court held that "... awards of maintenance are within the discretion of the trial court but such awards must be 'made within ... a reasonable tolerance of proof.'" Obviously, the award for maintenance cannot stand without evidence to support it.

In this case, there was no evidence of the needs of Deirdre and no evidence as to her ability to work and to support herself. As stated in *Randle*, an award of maintenance cannot stand without evidence to support it.

The judgment awarding $200 per month maintenance to Deirdre is reversed and this case is remanded for further proceedings to determine if Deirdre is entitled to maintenance and if so the amount thereof.

All concur.