In re the Marriage of Belinda Ulrich **WOODSON**

and

**Dennis Edward WOODSON.**

**No. SC 84131.**

Supreme Court of Missouri, En Banc.

Jan. 14, 2003.

Michael J. Svetlic, Kansas City, for Respondent/Cross-Appellee.

James D. Boggs, Kansas City, for Appellee/Cross-Respondent.

DUANE BENTON, Judge.

Dennis E. Woodson claims that the circuit court should have divided the teacher retirement benefits of his spouse, Belinda U. Woodson, that accrued during their marriage. Husband attacks the validity of section 169.572 RSMo 2000 [1] as applied to a teacher also covered by social security. *Mo. Const. art. V, sec. 3.* Wife cross-appeals the overall division of property. Affirmed.

---

1. All references are to RSMo 2000, unless otherwise indicated.

## I.

■ The trial court found that Wife's public school retirement system benefits are non-divisible, nonmarital property, pursuant to section 169.572:

1. No court shall divide or set aside any federal old-age, survivors or disability insurance benefit provided to any party pursuant to the federal Social Security Act, 42 U.S.C. [407], Section 200 et seq., in any proceeding for dissolution of marriage.

2. Subsequent to August 28, 1991, a court of competent jurisdiction may divide the pension, annuity, benefits, rights, and retirement allowance provided pursuant to this chapter [169] between the parties to any action for dissolution of marriage, to the same extent and in the same manner the court may divide any federal old-age, survivors or disability insurance benefit of the parties provided pursuant to the federal Social Security Act.

In effect, because social security benefits cannot be divided in a dissolution, teacher retirement cannot be divided. *Silcox v. Silcox*, 6 S.W.3d 899, 902 (Mo. banc 1999). Husband argues that section 169.572 violates his constitutional rights to substantive due process and equal protection, under the Fourteenth Amendment of the United States Constitution, and article I, sections 2 and 10 of the Missouri Constitution.

■ The due process clauses provide heightened protection against government interference with certain fundamental rights and interests. *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S.Ct. 2258, 2267, 138 L.Ed.2d 772, 787 (1997); *State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133, 135 (Mo. banc 1995). The standard depends on whether the government action is executive or legislative. *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 1716, 140 L.Ed.2d 1043, 1057 (1998). When the action is legislative, due process protects fundamental rights and liberties that are "deeply rooted in this Nation's history and traditions," and "implicit in the concept of ordered liberty." *Glucksberg*, 521 U.S. at 720–21, 117 S.Ct. at 2268, 138 L.Ed.2d at 787–88. The asserted interests must be carefully described. *Id.* at 721, 117 S.Ct. at 2268, 138 L.Ed 2d at 788.

■ Husband asserts a fundamental right in Wife's teacher retirement, which he characterizes as a "right to acquire" in the nature of a "chose in action." To the contrary, this right to acquire—by equitable division of retirement benefits—is not deeply rooted in history and tradition. Under Missouri's traditional "fault" law—from the time of statehood until 1973—a divorce court could not divide property at all (although alimony was available). *1 Mo. Terr. Laws 90–92 (1807); 1825 Mo. Laws 329; Ch. 452 RSMo 1969; Rhoads v. Rhoads*, 342 Mo. 934, 119 S.W.2d 247, 251 (1938). In 1973, the legislature enacted "modified no fault" dissolution, based on the concepts of community property and the partnership theory of marriage. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 824–25 (Mo. banc 1984); *1973 Mo. Laws* 470. However, it was 1984 before this Court rejected the "inception of title" theory and adopted "source of funds" as determining marital property. *Hoffmann*, at 823–25. In 1989, the legislature explicitly authorized dividing teacher retirement in dissolutions, but repealed that authorization in 1991 when enacting the statute at issue, section 169.572. *Section 169.142 RSMo Supp.1989*, repealed by *S.B. 242, 1991 Mo. Laws 676*. Equitable division of retirement benefits is not implicit in the concept of ordered liberty. Section 169.572 does not violate Husband's right to substantive due process.

Husband also invokes the equal protection clauses. He claims that he is being treated differently than all other parties in dissolutions whose spouses have both social security and another retirement.

Initially, this Court determines whether a statute disadvantages a suspect class or impinges a fundamental right. *In re Marriage of Kohring*, 999 S.W.2d 228, 231 (Mo. banc 1999). Either determination triggers strict judicial scrutiny whether the statute is necessary to accomplish a compelling state interest. *Id.* at 232.

Section 169.572 does not affect Husband as a member of a class that receives heightened scrutiny in equal protection analysis, such as race, alienage, national origin, gender, and illegitimacy. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440–41, 105 S.Ct. 3249, 3254–55, 87 L.Ed.2d 313, 320–21 (1985). As for fundamental rights, those requiring strict scrutiny are the rights to interstate travel, to vote, free speech, and other rights explicitly or implicitly guaranteed by the Constitution. *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 31–33, 93 S.Ct. 1278, 1311, 36 L.Ed.2d 16, 59 (1973). As shown in the due process analysis above, Husband does not have a fundamental right in Wife's teacher retirement.

A statute that neither burdens a suspect class nor impinges a fundamental right need only be rationally related to a legitimate state interest. *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 512 (Mo. banc 1991). This standard applies here. In rational basis review, this Court does not question the social or economic policies underlying a statute. *Batek v. Curators of University of Missouri*, 920 S.W.2d 895, 899 (Mo.banc 1996). A statutory classification is upheld if any state of facts reasonably may be conceived to justify it. *McGowan v. Ma-ryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 1104–05, 6 L.Ed.2d 393, 399 (1961).

The legislature could rationally classify teacher retirement as nonmarital property, in order to attract and retain teachers, and to reduce society's responsibility to support retired teachers. See *Waggoner v. Waggoner*, 846 S.W.2d 704, 707–08 (Ky. 1992), *cert. denied*, 510 U.S. 932, 114 S.Ct. 346, 126 L.Ed.2d 310 (1993); *Silcox*, 6 S.W.3d at 903–04. True, the availability of social security benefits **could** lessen society's responsibility to support retired teachers. However, classifying both social security and teachers retirement as nonmarital does help attract and retain teachers. Further evidence of the legislature's rationality is its mandate that in dividing marital property, the court shall consider all relevant factors, including the "value of the nonmarital property set apart to each spouse." *Sec. 452.330.1(3)*. The trial court here specifically found that the non-divisible teacher retirement was "a factor" in dividing marital property. Section 169.572 does not offend Husband's right to equal protection of law.

## II.

The trial court awarded Wife the marital home (debt-free), a 1999 Plymouth, various bank accounts and other items. After subtracting debts of $11,500, her net post-dissolution assets are $151,774.

Husband was awarded the couple's rental properties, two pick-up trucks, various bank accounts, IRAs and stocks, his profit-sharing and retirement plans, cash and other items. After deducting mortgages of $128,892, his net portion is $230,933.

Wife attacks this division of marital property. She claims the court over-emphasized her nonmarital teacher retirement, valued at $193,693. Wife also asserts that Husband's (bad) conduct during marriage supports a more even split—but the trial court made no findings on these

assertions (and none were requested under Rule 73.01(c)).

The trial court has discretion in dividing marital property, unless the division violates *Murphy v. Carron,* or is so one-sided as to be an abuse of discretion. *Dardick v. Dardick,* 670 S.W.2d 865, 868 (Mo. banc 1984). According to *Murphy v. Carron,* the appellate court affirms the decree unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). An abuse of discretion occurs only if the decree is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration. *Silcox,* 6 S.W.3d at 905.

The trial court must consider the value of nonmarital property before equitably dividing the marital property. *Id.*; *section 452.330. 1(3).* Even so, the trial court may not consider the nonmarital property to such an extent that it has a substantial material impact on the overall division of marital property. *DeMayo v. DeMayo,* 9 S.W.3d 736, 741 (Mo.App.2000).

The trial court properly considered Wife's teacher retirement "a factor" in distributing the marital property. Husband received 60 percent of the net marital property, and Wife 40 percent. While not equal, this division neither violates *Murphy v. Carron,* nor is so one-sided as to be an abuse of discretion. See *Silcox v. Silcox,* 6 S.W.3d 899, 904 (Mo. banc 1999); *Rombach v. Rombach,* 867 S.W.2d 500, 505 (Mo. banc 1993); *Mehra v. Mehra,* 819 S.W.2d 351, 357 (Mo. banc 1991).

The judgment is affirmed.

All concur.