**In re the MARRIAGE OF James F. ROSS and Jana Kay Ross.**

**James F. Ross, Petitioner–Appellant,**

and

**Jana Kay Ross, Respondent– Respondent.**

**No. 28140.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 10, 2007.

Amanda D. Cochran, Blanton, Rice, Sidwell, Nickell, Cozear & Collins, L.C., Sikeston, MO, for Appellant.

Susan Warren, Portageville, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

James F. Ross ("Husband") appeals from the judgment of the trial court dissolving his marriage to Jana Kay Ross ("Wife"). The court divided the parties' marital property and allocated their debts, awarded Wife $1,200.00 per month in nonmodifiable maintenance, and ordered Husband to pay her $600.00 per month in child support. Husband argues on appeal that the trial court erred in: (1) making an unequal division of the marital property; (2) awarding maintenance without sufficient supporting evidence of Wife's monthly expenses and reasonable needs; and (3) ordering him to pay child support without first finding and articulating for the record the presumed child support amount in accordance with Form 14. We affirm the trial court's division of marital property, and reverse and remand the awards of maintenance and child support.

## *(1) Factual and Procedural Background*

Husband and Wife were married on September 6, 1985, in Matthews, New Madrid County, Missouri. Two children were born of the marriage. At the time of the dissolution proceeding, one child was a minor and the other was emancipated. Throughout the entire twenty years of marriage, Wife, who had only an eighth grade education, was not employed outside the home. She cared for the children and the marital home full-time while Husband attended college for three years and

worked as a lab technician at Associated Electric for the last ten years before the separation. Husband and Wife separated in September of 2005. Eight days later, Husband filed a petition for dissolution of marriage. Wife filed an answer to Husband's petition in which she agreed the marriage was irretrievably broken. Wife also filed a counter-petition for dissolution of marriage requesting sole custody of the minor child, as well as maintenance and child support. In its Judgment and Decree of Dissolution of Marriage, the trial court dissolved the marriage, divided the marital property and allocated the debts between the parties, awarded joint legal custody of the minor child to the parties with sole physical custody going to Wife, ordered Husband to pay to Wife $1,200.00 per month in non-modifiable maintenance, and ordered Husband to pay $600.00 per month in child support for the minor child.

Husband appeals the trial court's division of property, arguing the trial court abused its discretion in making an unequal and inequitable distribution. Husband also appeals the maintenance award, arguing the trial court abused its discretion in awarding maintenance because Wife did not present any evidence of her monthly expenses and reasonable needs and, thus, did not meet the threshold requirement for an award of maintenance. Finally, Husband appeals the award of child support,

arguing the trial court erred in awarding child support without first finding and articulating for the record the presumed child support amount in accordance with Form 14.

### 1) Division of Marital Property

For ease of analysis we first address Husband's Point III, in which he attacks the trial court's unequal division of the parties' marital property.[1] Husband argues it was an abuse of discretion for the trial court to divide the property unequally with seventy percent awarded to Wife and thirty percent awarded to Husband. He claims that the application of the factors from section 452.330.1 in this case "does not justify a departure from an equal division, shared enterprise approach."[2] We disagree.

The division of property in a dissolution proceeding is governed by section 452.330. "This statute requires a trial court to follow a two-step procedure: (1) the court must first set aside to each spouse his or her nonmarital property; and (2) then divide the marital property and debts in such proportions as the court deems just." In re Marriage of Reese, 155 S.W.3d 862, 869–70 (Mo.App.2005). The factors the court must consider in dividing the marital property include:

---

1. Actually Husband does not have a Point III due to a typographical error, where Point I is duplicated in the Appellant's Brief as Point III. Husband's argument under Point III, however, is relevant to and directed toward the issue of the trial court's division of the marital property. In her Respondent's Brief, Wife responded to Husband's argument under Point III and concedes that Husband asserts under that argument that the trial court abused its discretion in making an unequal and inequitable division of the marital property. Therefore, even though Husband has failed to articulate a proper point relied on as required by Rule 84.04(d), where such defi-

ciency does not impede the disposition of this issue on its merits because Wife and this Court are not hindered in comprehending the nature of Husband's asserted error or in responding to Husband's claim, we will proceed to review Husband's Point III on the merits asserted in the argument under the typographically erroneous point relied on. See Wilkerson v. Prelutsky, 943 S.W.2d 643, 647 (Mo. banc 1997).

2. All references to statutes are to RSMo 2000, unless otherwise noted.

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

Section 452.330.1.

 The trial court has broad discretion in dividing property, and it will be reversed on appeal only if it violates the *Murphy v. Carron* standard or is so one-sided that it constitutes an abuse of discretion. *In re Marriage of Woodson*, 92 S.W.3d 780, 785 (Mo. banc 2003). Under the *Murphy v. Carron* standard, the appellate court must affirm the decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "An abuse of discretion occurs only if the decree is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration." *Woodson*, 92 S.W.3d at 785.

### (a) Real Property

The record reveals that the parties' marital property included two pieces of real estate in Matthews, Missouri: (1) the marital home and the lot on which it was located; and (2) a neighboring lot containing a trailer home. When the parties separated in September of 2005, Husband moved out of the marital home and discontinued paying any of its associated expenses. Wife and the minor child remained in the marital home but Wife, who has only an eighth-grade education and has never worked outside the home, did not have a job so she could not pay those expenses. Eventually, before the trial, the house was foreclosed and sold. In its judgment the trial court ordered Husband to pay any remaining deficiency on the home mortgage following the foreclosure. Neither party offered any evidence of the amount of this deficiency.

Wife moved into the neighboring trailer home, and was residing there at the time of the dissolution proceeding. The minor child was residing with another family. The court awarded the trailer home and the lot on which it was located to Wife. While neither party presented evidence of the property's present value, Husband testified that they purchased the property for $20,000.00 in 1998. Wife testified they still owed $6,142.27 on the property. Those figures support an approximate net value of $13,857.73. The court ordered Husband to pay the delinquent payments on the loan at the time of the judgment, which totaled around $430.00. The judgment ordered Wife to hold Husband harmless of any further liability on this indebtedness following the date of the judgment.

### (b) Automobiles

The parties owned three automobiles: a 1994 GMC truck; a 1999 Pontiac Grand Am; and a 1997 Aurora. The court awarded the '94 truck, which is Husband's primary vehicle and is valued at $2,500.00, to Husband. The '99 Pontiac, which is the primary vehicle for the parties' emancipated child, co-owned by Husband and the child and valued at $4,500.00, was awarded to Wife. A balance of $3,900.00 remains on the loan for the Pontiac, the payments on which are made by the parties' emancipat-

ed child. The 1997 Aurora, which is Wife's primary vehicle and is valued at $8,000.00, was awarded to Wife. Husband was ordered to pay the $4,400.00 balance on the loan secured by the Aurora, the payments on which are automatically deducted from Husband's paycheck.

### (c) Husband's Pension and Retirement Accounts

Husband has a 401k and a retirement account through his employer, Associated Electric. The court awarded half of the value of these accounts to Wife and half to Husband. The retirement account value for normal retirement is $27,475.84. The net value of the 401k account is $28,589.73. Accordingly, each party was awarded approximately $28,032.79.

### (d) Personal Property (Marital)

Each party was awarded the personal property in their possession. The only evidence regarding such property is Husband's testimony and that contained in Husband's statement of property submitted to the trial court. Husband testified that he had "a T.V.[,] a rocker/recliner, a bed, T.V., [and] washer and dryer[,]" all acquired after separation, in the home he was then currently renting. Husband also testified he left behind "all of the household goods and furnishings which had been accumulated during [the] marriage" when he left the marital home at the time of separation. In his property statement Husband identified the marital "Household Goods" as a TV valued at $300.00, a refrigerator valued at $400.00, furniture valued at $300.00, washer and dryer valued at $900.00, beds valued at $1,000.00, and a mower valued at $3,200.00. The statement fails, however, to indicate who had possession of any of these listed items at the time of the trial. Viewed in the light most favorable to the judgment, based upon Husband's testimony, the TV, washer and dryer, and beds were in Husband's possession and, therefore, set aside to him. The remaining items were in Wife's possession and, therefore, set aside to her.

### (e) Other Outstanding Debts

Husband was ordered to pay any outstanding utility bills associated with the marital home and trailer. Wife testified this included an Atmos energy bill of $409.72 and an electric bill for $300.00. Husband was also ordered to pay all checks that had been turned over to the New Madrid County Prosecuting Attorney's Office, on which Husband had stopped payment, alleging Wife wrote them without his permission. Wife testified the total amount owed on the checks was $1,260.00.

In summary, the trial court divided the parties' marital property and debts as follows:

| Item | Husband | Wife |
|---|---|---|
| Lot with trailer | | 20,000.00 |
| Debt on Lot with trailer | | -6,142.27 |
| 1994 GMC Truck | 2,500.00 | |
| 1999 Pontiac | | 4,500.00 |
| Debt on 1999 Pontiac | | -3,900.00 |
| 1997 Aurora | | 8,000.00 |
| Debt on 1997 Aurora | -4,400.00 | |
| Husband's 401k and retirement account | 28,032.79 | 28,032.79 |
| Household goods | 2,200.00 | 3,900.00 |
| Outstanding utility bills | -709.72 | |
| Outstanding checks | -1,260.00 | |
| Net distribution | 26,363.07 | 54,390.52 |

■ This constitutes a net division of the marital property of 33% to Husband and 67% to Wife. "The fact that the trial court awards considerably more property to one spouse than the other is not *per se* an abuse of discretion." *Poole v. Poole,* 977 S.W.2d 940, 945 (Mo.App.1998). Missouri courts have affirmed disproportionate property divisions on appeal. *See Poole,* 977 S.W.2d at 945 (70%–30%), *citing Whaley v. Whaley,* 805 S.W.2d 681, 682 (Mo.App.1990) (65%–35%); *Hayes v. Hayes,* 792 S.W.2d 428, 429 (Mo.App.1990) (74%–26%); *Dove v. Dove,* 773 S.W.2d 871, 872 (Mo.App.1989) (90.5%–9.5%); *Buchheit v. Buchheit,* 768 S.W.2d 641, 642 (Mo.App. 1989) (75%–25%); *Mika v. Mika,* 728 S.W.2d 280, 283 (Mo.App.1987) (84%–16%); *Arp v. Arp,* 572 S.W.2d 232, 235 (Mo.App. 1978) (72%–28%); *In re Marriage of Burris,* 557 S.W.2d 917, 918 (Mo.App.1977) (88%–12%)). *See also Woodson,* 92 S.W.3d at 785 (60%–40%).

In this case, considering the factors set out in section 452.330.1, substantial evidence supports that the trial court's division of marital property is not an abuse of discretion. Throughout the entire twenty-year marriage, Wife, who has only an eighth-grade education, was not employed outside the home and cared full time for the children and the home. She did this while Husband attended college for three years and then worked for ten years at Associated Electric. At the time of the trial, she was unemployed and had no source of income. The parties did not have any non-marital property that was considered by the trial court, and neither party alleged misconduct. Finally, Wife received physical custody of the minor child, which suggests that the lot with trailer was appropriately awarded to her. *See Poole,* 977 S.W.2d at 945. All of these factors support an award of marital property weighted in favor of Wife. Based on these considerations, we cannot say that the trial court's division of marital property and debts was so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration. *Woodson,* 92 S.W.3d at 785. Thus, the trial court did not abuse its discretion in the division of marital property and debts. Point III is denied.

### (3) Maintenance Award

■ We now turn to Husband's appeal of the maintenance award under his

Point I. Husband contends the trial court abused its discretion in awarding Wife $1,200.00 per month in non-modifiable maintenance because: "(1) there was no proof of [Wife's] reasonable needs before the trial court, (2) the trial court failed to impute to [Wife] potential income from employment, and (3) the trial court failed to consider [Husband's] inability to pay the amount of maintenance awarded."

To award maintenance, the trial court must follow the two-part threshold test set out in [section] 452.335.1.... The court must first determine whether the spouse seeking maintenance has sufficient property, including marital property divided during the dissolution proceedings, to provide for his or her reasonable needs. *In Re Marriage of Liljedahl,* 942 S.W.2d 919, 924 (Mo.App.1996). If the party requesting maintenance lacks sufficient property to meet his or her reasonable needs, the court then examines whether the party's reasonable needs can be met through appropriate employment. *Id.* In evaluating the merits of a party's claimed expenses, the trial court judges the credibility of witnesses and evaluates the merits of the expenses claimed. *Schroeder v. Schroeder,* 924 S.W.2d 22, 26 (Mo.App.1996). The party requesting maintenance has the burden of showing need before it may be awarded. *Carpenter v. Carpenter,* 935 S.W.2d 89, 92 (Mo.App.1996). A trial court has broad discretion in determining the amount and duration of a maintenance award in a dissolution case. *Id.* Maintenance awards are reviewed only for abuse of discretion. *Id.* Nevertheless, such awards cannot stand without supporting evidence. *Halupa v. Halupa,* 943 S.W.2d 272, 277 (Mo. App.1997).

*Childers v. Childers,* 26 S.W.3d 851, 854 (Mo.App.2000).

In addressing the threshold test under Section 452.335, the trial court must first determine Wife's reasonable needs. *Comninellis v. Comninellis,* 147 S.W.3d 102, 106 (Mo.App.2004). Thus, our review of the trial court's judgment begins with the evidence in the record supporting those needs. We have searched the record and located only three instances of evidence purporting to support Wife's needs, reasonable or otherwise. First, Wife testified that she was asking the court to award her $1,500.00 per month in maintenance to support her and enable her to go to school and obtain her GED. However, "[a] mere request for maintenance is insufficient to support a maintenance award." *Schlotman v. Schlotman,* 126 S.W.3d 425, 428 (Mo.App.2004); *Goodin v. Goodin,* 5 S.W.3d 213, 217 (Mo.App.1999).

Second, Wife testified on cross examination that she reported automobile expenses on her statement of income and expenses, including $200.00 per month in gas and oil, and $30.00 per month in automobile maintenance. She qualified these amounts, however, by stating that they were the amounts expended by the parties prior to their separation. Wife's testimony does not disclose whether these amounts were solely for the 1997 Aurora, which was set aside to her, or for both vehicles driven by the parties before they separated. Moreover, the referenced statement of Wife's income and expenses was not introduced into evidence and does not appear anywhere in the record; thus, there is no indication that it was put before the court as evidence. *Chapman v. Chapman,* 871 S.W.2d 123, 126 (Mo.App.1994); *Waite v. Waite,* 21 S.W.3d 48, 53 (Mo.App.2000); *Chen v. Li,* 986 S.W.2d 927, 934 (Mo.App. 1999); *Halupa v. Halupa,* 943 S.W.2d 272, 277 (Mo.App.1997). We are doubtful that this testimony rises to the level of substantial evidence of Wife's reasonable automo-

bile expenses at the time of trial or thereafter. However, viewing the evidence in the light most favorable to the judgment and for the purpose of our further analysis of the maintenance award to Wife, we will assume that the trial court determined that Wife's reasonable needs for automobile expenses at the time of trial was $230.00 per month.

Third, Husband testified that the payment on the loan against the lot with trailer, which the judgment required Wife to pay, was $125.00 per month. The trial record contains no other demonstrative evidence of Wife's needs.

Wife asserts that the trial court could infer she would incur living expenses similar to those claimed on Husband's statement of income and expenses, which *was* introduced into evidence. This assertion has no merit. First, Wife cites no authority which allows the trial court to make such an inference. Second, there is no evidence in the record which supports finding any similarity between Husband's and Wife's expenses. Finally, several of Husband's proffered expenses were based upon joint expenses incurred before the parties' separation.

██ The party seeking maintenance has the burden to prove both the expenses included in his or her reasonable needs and the amount of those expenses. *In re Marriage of Neu,* 167 S.W.3d 791, 795 (Mo.App.2005), *citing Cohen v. Cohen,* 73 S.W.3d 39, 50 (Mo.App.2002). Based upon the record recited above, we conclude that the evidence only supports a maximum amount of $355.00 per month that the trial court could have determined were Wife's reasonable needs. *In re Marriage of Randle,* 762 S.W.2d 494, 495 (Mo.App.1988) (trial court must have evidence to support a finding as to the reasonable needs of the spouse seeking maintenance). We now turn to the second step in the threshold analysis—the ability of Wife to meet her reasonable needs through investment income and employment earnings. Section 452.330.1; *Comninellis,* 147 S.W.3d at 106.

The one-half interest in Husband's IRA is the only income-producing asset set aside to Wife. Given Wife's relatively young age of thirty-seven, the relative cost to convert the 401k to cash, and the minimal amount of income that would be generated if those funds were converted to cash, we cannot say that the trial court abused its discretion in finding that Wife had insufficient property to meet her reasonable needs. *Hill v. Hill,* 53 S.W.3d 114, 116 (Mo. banc 2001).

With regard to earnings from appropriate employment, Wife testified that she only had an eighth-grade education, had never worked outside the home, was currently unemployed, and would have no income without Husband's support. She further testified that she had no job prospect without her GED. The parties married when Wife was seventeen years old and had been married for over twenty years. "Courts generally have awarded maintenance in situations where the party seeking it, 'has devoted a majority of her life to the household and maternal tasks, thereby, forfeiting the opportunity to develop occupational skills,' or where the requesting party 'requires further education or training to support himself;' i.e., rehabilitative maintenance." *Kovacs v. Kovacs,* 869 S.W.2d 789, 793 (Mo.App.1994), *quoting Hurley v. Hurley,* 607 S.W.2d 169, 170 (Mo.App.1980). Based upon the record before us, we cannot say that the trial court abused its discretion in its determination that Wife at the time of trial was unable to meet even her modest reasonable needs by appropriate employment.

██ Finding no error in the trial court's determination that Wife meets the

threshold requirements for maintenance, we now consider Husband's contention that the award of $1,200.00 per month is excessive in that it exceeds Wife's reasonable needs and exceeds his ability to pay. On the first prong of this contention, we note that an exact mathematical correlation between the reasonable needs of the requesting party and the amount of maintenance ordered is not required. This is so because "[a] trial court, in calculating and awarding maintenance, may allow a reasonable amount above the itemized expenses of the party seeking maintenance to meet unexpected day-to-day expenses which, given their nature, may be reasonable under the circumstances, yet are incapable of specific itemization." *Childers,* 26 S.W.3d at 856. However, this deference to the trial court's discretion is not unlimited, because payments for support generally "must be limited to the demonstrable needs of the party receiving support and not to provide an accumulation of capital." *In re Marriage of Michel,* 142 S.W.3d 912, 926 (Mo.App.2004); *Muenz v. Muenz,* 99 S.W.3d 4, 8 (Mo.App.2002); *M.A.Z. v. F.J.Z.,* 943 S.W.2d 781, 788 (Mo. App.1997) (maintenance award must be "made within a reasonable tolerance of proof"); *Heins v. Heins,* 783 S.W.2d 481, 483 (Mo.App.1990).

"A maintenance award is aimed at closing the gap between the income of the spouse seeking maintenance and that spouse's monthly expenses." *Neu,* 167 S.W.3d at 795, *citing N.M.O. v. D.P.O.,* 115 S.W.3d 854, 857 (Mo.App. 2003). Such an award must be supported by substantial evidence. *Allen v. Allen,* 927 S.W.2d 881, 885 (Mo.App.1996), *citing Woolridge v. Woolridge,* 915 S.W.2d 372, 375 (Mo.App.1996); *Randle,* 762 S.W.2d at 495; *Murphy,* 536 S.W.2d at 32. Where it is not supported by substantial evidence, we will find an abuse of discretion and

reverse the award. *In re Marriage of Liljedahl,* 942 S.W.2d 919, 926 (Mo.App. 1996). Thus, an award of maintenance in an amount that substantially exceeds the amount of the monthly needs of the spouse seeking maintenance is not supported by substantial evidence and is an abuse of the trial court's discretion. *Heins,* 783 S.W.2d at 483; *M.A.Z.,* 943 S.W.2d at 790.

As previously discussed, the only arguably substantial evidence in the record before us is that Wife's reasonable needs are $355.00 per month. Due to the vagaries of the marketplace and the usual and customary fluctuation of monthly expenses, an award of maintenance which varies only slightly from the requesting party's proven reasonable needs would be supported by substantial evidence. *Childers,* 26 S.W.3d at 856. However, an award of maintenance, as in this case, which exceeds 338% of Wife's reasonable needs for her support, is not. *See e.g., Heins,* 783 S.W.2d at 483 (combined award of maintenance and child support in excess of $800.00 per month reversed as over satisfying Wife's and children's needs of only $503 per month); *M.A.Z,* 943 S.W.2d at 788–90 (maintenance award of $15,000.00 per month reversed because wife's claimed monthly expenses of $25,450.00 were not supported by substantial evidence). The award of maintenance in the case at bar so substantially exceeds Wife's reasonable needs that it moves from providing for her reasonable needs into the realm of providing for the accumulation of capital. *Heins,* 783 S.W.2d at 483. Because the award of $1,200.00 per month in maintenance is not supported by substantial evidence of Wife's needs in an amount substantially approaching the amount of the maintenance so ordered, its entry is an abuse of the trial court's discretion. Point I is granted. The maintenance award in the judgment should be reversed and remand-

ed to the trial court for the taking of additional evidence, if deemed necessary by the trial court, and for further consideration of the amount of maintenance to be awarded Wife, if any, not inconsistent with this opinion.

We need not address Husband's argument that the ordered amount of maintenance exceeded his ability to pay. Upon remand and the reconsideration of the amount of maintenance to award, if any, we are confident the trial court will take into consideration all of the factors set forth in section 452.335.2, including Husband's ability to pay.

Likewise, we need not address Husband's allegation of trial court error in making the maintenance order non-modifiable. The trial court's reconsideration upon remand of the various factors in setting an amount of maintenance, if any, may also lead the trial court to reconsider the duration of any maintenance amount so awarded. In that regard, we would direct the trial court's attention to the evidentiary foundation necessary to support a non-modifiable maintenance award as discussed in *Michel*, 142 S.W.3d at 923–26, and *In re Marriage of Clift*, 108 S.W.3d 197, 201 (Mo.App.2003).

### (4) Child Support Award

▬ In Point II, Husband attacks the trial court's calculation of child support. Husband contends, *inter alia*, that the trial court erred in not finding and articulating for the record a presumed child support amount ("PCSA") in accordance with Form 14. We need not address this point, however, because a change in the amount of maintenance upon remand necessarily affects lines 1a and 2b of Form 14, thereby impacting the calculation of the PCSA. Thus, the child support award in the judg-

ment must also be reversed and remanded for recalculation with reference to the amount of a maintenance award, if any, upon remand. *See Neu*, 167 S.W.3d at 798; *Chen*, 986 S.W.2d at 935.

Upon remand we direct the trial court's attention to *Hart v. Hart*, 210 S.W.3d 480, 489 (Mo.App.2007), *quoting Peniston v. Peniston*, 161 S.W.3d 428, 433 (Mo.App. 2005), which has recently reiterated that:

In determining an award of child support in any proceeding, [section] 452.340.8 [RSMo Cum.Supp.2005] and Rule 88.01 [3] require the trial court to follow the two-step procedure set forth in *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App.1996), which was approved by the Missouri Supreme Court in *Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997). In the first step, the trial court must determine and *find for the record* the PCSA in accordance with Form 14. This required determination and finding can be done by the trial court's either *accepting for the record* a Form 14 calculation of one of the parties, or in the event the court "rejects" their Form 14 calculations as being incorrect, by doing its own Form 14 calculation. The trial court can do its own Form 14 calculation by either completing a Form 14 worksheet and *making it a part of the record* or by *articulating on the record* how it calculated its Form 14 amount. In the second step, the court, after considering all relevant factors, must determine whether to rebut the PCSA as being unjust or inappropriate.

(Emphasis added).

### (5) Decision

The awards of maintenance and child support in the trial court's judgment are

**3.** All references to Rules are to Missouri Court Rules (2006).

reversed, and the cause is remanded to the trial court for the taking of additional evidence, if deemed necessary by the trial court, and for further reconsideration not inconsistent with this opinion. In all other respects, the trial court's judgment is affirmed.

BARNEY, and RAHMEYER, JJ., concur.