In re the MARRIAGE OF Benjamin
Michael MOYERS and Kelly
Lynn Moyers,

Benjamin Michael Moyers,
Petitioner–Appellant,

v.

Kelly Lynn Moyers, Respondent–
Respondent.

No. SD 28893.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 29, 2008.

point has merit, the portions of the judgment granting maintenance and setting child support must be reversed. The cause is remanded for further proceedings consistent with this opinion.

Husband filed a dissolution petition in May 2006, and the trial took place in August 2007. The parties presented the following testimony relevant to the issues on appeal.

Husband and Wife were married in January 2001. Husband was employed as a railroad engineer and earned approximately $4,300 per month. Husband had health insurance that covered himself, Wife and their child. Wife had not graduated from high school or obtained a G.E.D. When the couple married, Wife was not working. She primarily took care of the household and their son, Carson, who was born in June 2001. After Carson's birth, Wife worked occasionally as a fill-in cook at the Oran public school and earned $8.00 per hour at this sporadic employment. Wife also worked for six months as a physical therapy technician and as a clerk at a convenience store.

Dale E. Gerecke, Cape Girardeau, MO, for Appellant.

Jim S. Green, Sikeston, MO, for Respondent.

JEFFREY W. BATES, Judge.

Benjamin Moyers (Husband) appeals from a judgment in a dissolution action. In his first point, he contends the trial court erred in ordering Husband to pay $626 per month in child support because: (1) the court should have imputed income to Wife; and (2) the court should have provided Husband with the overnight visitation adjustment allowed by line 11 of Form 14. In Husband's second point, he contends the trial court's maintenance award to Wife is not supported by the evidence because she failed to prove the need for such maintenance. As this latter

Husband and Wife separated in November 2005. Wife was unemployed until March 2007, when she obtained part-time work at a day care center in Oran. Her hours varied, but her gross income averaged $240–250 every two weeks. In addition, one benefit of Wife's employment was that she was provided day care for Carson at no cost. Wife admitted that she was capable of working on a full-time, regular basis. She made several attempts to obtain full-time employment, but she would lose the free day care for Carson if she changed jobs. If she remained at the day care center, on the other hand, she expected to be hired on a full-time basis earning $6.50 per hour.

Wife's health insurance through Husband would end when the marriage was

dissolved. Therefore, Wife requested maintenance in the amount of $300 per month to pay for health insurance and to pay for advanced schooling to get a better job. Wife presented no evidence, however, concerning the extent of her living expenses, the cost of purchasing health insurance for her or how much it would cost to obtain the additional education she wanted.

Judgment was entered in October 2007. Husband was ordered to pay the majority of the marital debts. He was awarded marital property consisting largely of his clothing, personal effects and household goods. Wife was ordered to pay the bills and obligations she acquired since the date of separation and one debt in an unspecified amount owed to an individual. The marital property awarded to Wife consisted of wearing apparel, personal effects, household goods, a 1997 vehicle, a dirt bike and an all-terrain vehicle. Although no values were stated in the judgment, neither Husband nor Wife received marital property having any substantial value or the capability of producing income. The trial court prepared its own Form 14, which was attached to the judgment. In that form, the court found Wife's income to be $531 per month. The court denied Husband's request for an overnight visitation adjustment on line 11.[1] Husband was ordered to pay child support in the amount of $626 per month. Wife was awarded spousal maintenance in the amount of $300 per month for a period of four years. The judgment did not indicate whether the maintenance award was modifiable. This appeal followed.

 In this court-tried case, appellate review is governed by Rule 84.13(d). *In re*

*Marriage of Denton,* 169 S.W.3d 604, 606 (Mo.App.2005). This Court must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Dolence,* 231 S.W.3d 331, 333 (Mo.App.2007). For ease of analysis, Husband's points will be reviewed in reverse order.

 In Husband's second point, he contends the trial court's maintenance award to Wife is not supported by the evidence because she failed to prove the need for such maintenance. This Court agrees. A trial court is afforded broad discretion in determining whether or not to award maintenance. *Id.* at 339. Nevertheless, maintenance may be granted only if the trial court finds that the spouse seeking such an award:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

§ 452.335.1. In determining whether to grant maintenance, the court must consider the reasonable needs of the spouse seeking maintenance and then decide whether that spouse is able to meet those needs through the use of marital property or by obtaining appropriate employment. *Youngberg v. Youngberg,* 194 S.W.3d 886, 893 (Mo.App.2006). Thus, a spouse's request for maintenance must be supported by proof of his or her reasonable needs:

---

1. We presume the court so ruled because Wife's adjusted monthly gross income on line 3 of the court's Form 14 was less than $1,000, which meant Husband was not entitled to this claimed adjustment. *See CAVEAT* to line 11, Form 14, p. 440 Missouri Court Rules (2008). All rule references are to this volume. All statutory references are to RSMo (2000).

It is well settled that under § 452.335.1, a party seeking maintenance must prove need before such an award can be made. "The basic test is the reasonable needs of the [recipient] spouse." Without some "evidence of reasonable need, a maintenance award is not proved." A mere request for maintenance of a specified amount is insufficient to support a maintenance award.

*In re Marriage of Murphy*, 71 S.W.3d 202, 205 (Mo.App.2002) (citations omitted).

In the case at bar, Wife presented no evidence of her monthly expenses, the cost of acquiring health insurance for herself or the cost of obtaining the vocational training that she wanted. Therefore, the record contains no evidence proving Wife's reasonable needs. In the absence of such proof, the trial court abused its discretion in awarding Wife the sum of $300 per month as maintenance. *In re Marriage of Ross*, 231 S.W.3d 877, 886 (Mo.App.2007). Point II is granted.

■■■ It is evident the trial court believed that Wife needed a maintenance award and that the evidence presented below would support such an award. While the court's decision was in error, Wife was the prevailing party on this issue. If a litigant, "by mistake or inadvertence, fails to produce sufficient evidence at trial to prove his claim, in a situation where the proof seems to be available, the case should be remanded to permit the introduction of additional evidence." *In re Estate of Mapes*, 738 S.W.2d 853, 856 (Mo. banc 1987); *see Brattin Ins. Agency, Inc.*

*v. Triple S. Properties, Inc.*, 77 S.W.3d 687, 689 (Mo.App.2002).

■■■ Given Wife's modest income and the minimal value of the marital property awarded to her, this appears to be a case in which Wife could prove that her reasonable needs are not being met through either of the aforementioned sources. Accordingly, the cause is remanded. The trial court is directed to take such additional evidence and testimony as may be required to determine Wife's current income and those actual or anticipated expenses relevant to her reasonable needs. Based upon this additional evidence and testimony, the court should consider whether Wife should be granted maintenance and, if so, whether or not that award is modifiable. *See* § 452.335.3; *Ross*, 231 S.W.3d at 886–87.[2]

In light of the necessity for remand required by the error relating to maintenance, it is unnecessary to address Husband's first point. On remand, the court has been directed to take additional evidence as to Wife's current income. Because the calculation of child support is dependent upon the award of maintenance, if any, the trial court is directed to prepare an amended Form 14 and recalculate Husband's child support obligation.[3] Once that occurs, the alleged errors asserted in Point I may well become moot.

Those portions of the judgment granting maintenance to Wife and awarding her child support are reversed. In all other respects, the judgment is affirmed. The

---

2. Before awarding non-modifiable maintenance, the court should consider the evidentiary foundation required for such an award. *See In re Marriage of Michel*, 142 S.W.3d 912, 923–26 (Mo.App.2004); *In re Marriage of Clift*, 108 S.W.3d 197, 201 (Mo.App.2003).

3. The child support calculation in the court's Form 14 was incorrect because it failed to include the $300 per month in court-ordered maintenance on line 1.a. If Wife is granted maintenance on remand, the court should correct that error by including the amount of any maintenance award when it recalculates child support on the amended Form 14.

cause is remanded for further proceedings consistent with this opinion.

BARNEY, J., and SCOTT, P.J., concur.