

# Missouri Court of Appeals

## Southern District

### Division One

In Re the Marriage of:                              )
LAWRENCE G. DOYLE                                   )
and CYNTHIA DOYLE                                   )
                                                    )
LAWRENCE G. DOYLE,                                  )
                                                    )
      Petitioner/Appellant,                     )
                                                    )   No. SD37320
  vs.                                              )   Filed: June 23, 2022
                                                    )
CYNTHIA DOYLE,                                      )
                                                    )
      Respondent/Respondent.                    )

### APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

#### Honorable Mark A. Stephens, Judge

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS**

Lawrence G. Doyle ("Husband") appeals from the judgment of the trial court dissolving his marriage to Cynthia Doyle ("Wife").[1] The trial court divided the parties' marital property, allocated their debts, and awarded Wife $750 per month non-modifiable maintenance. In two points on appeal, Husband asserts the trial court erred by awarding maintenance to Wife at all

---

[1] Wife did not submit a brief, nor was she required to do so. While there is no penalty for that omission, this Court is then forced to adjudicate Husband's claims of error without the benefit of whatever arguments Wife might have raised. *In re Marriage of Speir*, 538 S.W.3d 396, 398 n.4 (Mo.App. S.D. 2018).

(Point I) and, if she was entitled to maintenance, the amount awarded was not correct (Point II). After considering Point I, we vacate the maintenance award, but remand the case to the trial court to receive additional evidence on the issue of maintenance.

**Factual and Procedural Background**

Viewed in the light most favorable to the judgment, *In re Marriage of Schubert*, 561 S.W.3d 787, 791 (Mo.App. S.D. 2018), the following facts relevant to maintenance were adduced at trial.

The parties were married on February 24, 1995. On February 28, 2020, Husband filed a "Petition for Dissolution of the Marriage." Four children were born of the marriage. Three of the children were emancipated at the time the petition was filed. One child, E.D., was 16 years old at the time and resided with Wife.

Wife's "Counter-Petition for Dissolution of Marriage" asked that the trial court award her maintenance. Wife filed an Income and Expense Statement setting forth a gross monthly salary of $2,000, with a net take-home pay, after deductions, of $1,808. Wife listed her monthly expenses as: Rent - $650; Utilities - $260; auto expense (including loan payment on her 2009 Chevrolet Malibu) - $315; auto insurance - $265; food for herself - $250; food for E.D. - $200; clothing for herself - $50; clothing for E.D. - $50; recreation for herself - $50; and recreation for E.D. - $25. Wife's average monthly expenses totaled $2,115.

At trial, Wife gave the following testimony relevant to maintenance. She and Husband had been married 25 years, and Husband was in the military for 15 of those years. They had four children, so Wife was a stay-at-home mom. She did not re-enter the work force until September 2016. She obtained a "certificate in early child development" and was employed at Preferred Family Healthcare as a coordinator with the Southwestern Missouri Autism Program. Her net

2

income was approximately $864 every two weeks. Once the divorce was final, she would have to pay her own health insurance. Her fixed monthly expenses of approximately $2,200 were "based upon frugality[,]" and "[t]here was no room in [her] budget for anything beyond the basics." Her gross monthly income was approximately $2,000, which was much less than Husband's income. Wife's income left no extra money for car repairs, dental bills, or a large utility bill. She did not have the means to save money to buy a replacement automobile. Once the divorce was final, however, she would start receiving $472.32 per month as her marital share of Husband's military retirement pay.

Husband gave the following trial testimony relevant to maintenance. He was employed at the Department of Veterans Affairs at the Springfield Outpatient Clinic as a Medical Support Assistant. He also received disability compensation from the Veteran's Administration and military retirement pay from the Defense Finance and Accounting Service. His net monthly income was $5,216.39. His average monthly expenses were $2,975.96, which included Wife's $472.32 share of Husband's military retirement benefit that would begin once the dissolution was final.

On August 20, 2021, the trial court entered its judgment, which included findings of fact and conclusions of law. The court made the following findings relevant to the maintenance issue:

1.      Wife's net monthly income was $1,808.

2.      She was awarded an additional $472.32 per month as the spousal share of Husband's military retirement benefit.

3.      Wife was awarded $17,000 as an equalization payment in the property distribution.

4.      Wife's monthly expenses totaled $1,850. This was "a bare stark budget[.]" Wife had no extra funds for "car repairs, dental, medical, vision, emergencies, gifts, car payments, retirement or savings[.]"[2]

---

[2] The trial court deducted $275 from Wife's $2115 total expense amount as shown on her Income and Expense Statement, as those were expenses attributable to E.D. that the trial court addressed in its child support award.

In relevant part, the trial court also made the following conclusions of law with respect to maintenance:

1.  During the marriage, the combined incomes of Husband and Wife totaled approximately $8,000 per month. They "had three cars, a boat, and a home valued at about $300,000; [Husband] contributed to a 401(k); a very different lifestyle than that of [Wife] currently."

2.  The marriage had lasted 25 years.

3.  The $17,000 property equalization payment would generate $680 per year in interest income at 4 percent.

4.  Wife's reasonable monthly needs "could additionally include a car payment, a contribution to retirement and/or saving, vacations and gifts; funds for emergencies, funds for medical, dental, and vision needs, which could easily total more than $1,250 per month."

5.  Wife lacked sufficient property and income to meet her reasonable needs.

Therefore, the trial court awarded Wife $750 per month in non-modifiable maintenance, pursuant to section 452.335.[3] The trial court also awarded Wife child support for E.D. in the amount of $662 per month. This appeal followed.

## Standard of Review

The only issue raised by Husband involves the maintenance award. An appellant must show an abuse of discretion when challenging a maintenance award on appeal because the trial court has considerable discretion when making such an award. *Valentine v. Valentine*, 400 S.W.3d 14, 20 (Mo.App. E.D. 2013). "An abuse of discretion occurs only if the decree is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration." *In re Marriage of Ross*, 231 S.W.3d 877, 881 (Mo.App. S.D. 2007).

---

[3] Unless otherwise noted, all statutory references are to RSMo (2016).

**Analysis**

In Point I, Husband contends the trial court erred by awarding maintenance to Wife because she was able to meet her reasonable needs with her income from employment. A trial court may grant maintenance if it finds that the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and (2) is unable to support himself or herself through appropriate employment. *See* § 452.335.1(1-2). A trial court must follow the two-part threshold test set out in section 452.335.1 when awarding maintenance. **Ross**, 231 S.W.3d at 884. The trial court judges the credibility of witnesses and evaluates the merits of the claimed expenses with the burden of showing need on the party requesting maintenance. *Id.* Although maintenance awards are reviewed only for abuse of discretion, such awards cannot stand without supporting evidence. *Id.*

In the case at bar, the trial court was first required to determine whether Wife had sufficient property to provide for her reasonable needs.

> There is, of course, a routine procedure for proving 'reasonable needs.' It starts with (1) each party's statement of income and expenses, and (2) each party's statement of marital and non-marital property and liabilities. In projecting expenses, each party seeks to express the anticipated expenses that accord to the desired standard of living. At trial, the expense and income statements are updated and sometimes disputed. The trial judge then decides what is appropriate and reasonable in light of the relevant factors, including those listed in the statute. It is seldom a matter of mathematical precision, and expense submissions are not required to be based on strict necessity. The purpose is to achieve a just result in light of the relevant considerations.
>
> Obviously, expense statements and accompanying testimony are important tools for helping determine reasonable needs; *but they are not the only evidence the court can consider in this determination*. Section 452.335, after all, does not mention 'income and expense statements.'

*Id.* (emphasis in original) (internal quotations and citations omitted).

5

The court found that Wife's marital equalization payment would generate approximately $680 per year. The court also found that Wife's monthly expenses totaled $1,850 per month. This amount, however, represented a bare-bones budget that left no money for "car repairs, dental, medical, vision, emergencies, gifts, car payments, retirement or savings[.]" The court estimated that these additional reasonable expenses could total $1,250 per month. Based on this analysis, Wife's reasonable needs totaled $3,100 per month.

The court was then required to determine whether Wife could meet her reasonable needs through appropriate employment. *See* § 452.335.1(2); *Ross*, 231 S.W.3d at 884. Wife's net monthly income, her share of Husband's military retirement pay, and her marital property investment income only amounted to $2,337 per month. Therefore, the court concluded that Wife could not meet her reasonable needs through appropriate employment.

There is a flaw in the trial court's analysis with respect to the proof of Wife's reasonable needs. Our review of the record demonstrates that there is evidence to support the court's finding that Wife had $1,850 per month in expenses. There is no evidence in the record to support the court's estimate that Wife needed an additional $1,250 per month to meet her reasonable needs. As noted above, a maintenance award cannot stand without supporting evidence. *See Ross*, 231 S.W.3d at 884. Therefore, Husband's first point has merit.

After reviewing the record, however, there does appear to be additional evidence available that could be used to prove Wife's maintenance claim. For example, she testified about losing her medical insurance coverage once the dissolution was final, but there was no evidence presented about the cost of replacement coverage. The other items mentioned by the trial court that Wife could not afford on her limited budget are legitimate and reasonable, and there would appear to be evidence that could be presented about those expenses as well. If a plaintiff fails to produce

6

sufficient evidence to prove his or her claim and proof appears to be available, the case should be remanded. *See Lance v. Van Winkle*, 213 S.W.2d 401, 404–05 (Mo. 1948) ("It is a settled practice of appellate procedure that a case should never be reversed for failure of proof without remanding, unless the record indicates that the available essential evidence has been fully presented, and that no recovery could be had in any event."); *Fed. Nat. Mortg. Ass'n v. Bostwick*, 414 S.W.3d 521, 529 (Mo.App. W.D. 2013); *In re Care & Treatment of Cokes*, 107 S.W.3d 317, 324 (Mo.App. W.D. 2003) ("the furtherance of justice requires a case shall not be reversed without remanding unless the appellate court is convinced the facts are such that a recovery cannot be had.").

Husband's Point I is granted. The trial court's award of non-modifiable maintenance is reversed. The cause is remanded for the parties to present additional evidence relevant to the issue of maintenance (including Wife's updated monthly expenses) for the trial court's consideration. As our disposition of Point I is dispositive of this appeal, we do not reach Husband's Point II. In all other respects, the trial court's judgment is affirmed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

JACK A. L. GOODMAN, J. - CONCURS