In re the MARRIAGE OF Todd D. NEU and Deborah A. Neu.

Todd D. Neu,
Petitioner/Appellant/Cross–Respondent,

v.

Deborah A. Neu,
Respondent/Respondent/Cross–Appellant.

Nos. ED 85080 & ED 85108.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 26, 2005.

John A. Turcotte, Jr., Kimberly J. Bettisworth, Diekemper, Hammond, Shinners, Turcotte and Larrew, P.C., St. Louis, MO, for appellant.

John E. Hilton, Joyce M. Capshaw, Carmody MacDonald P.C., St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Husband and wife filed separate appeals from a decree of dissolution of marriage, which we have consolidated. On appeal, both parties challenge the amount of maintenance awarded to wife. Husband argues that the court erroneously included child expenses, life insurance premiums, and second mortgage payments in wife's reasonable needs and failed to impute additional income to wife for the summer months. Wife argues that the court failed to include automobile and vacation expenses in her reasonable needs and that her total reasonable expenses exceed her net income. We reverse the award of maintenance and remand with directions. We also reverse and remand the award of child support for recalculation in light of the recalculated maintenance award. In all other respects, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Todd D. Neu (husband) and Deborah A. Neu (wife) were married on March 23, 1990. One child, who was still a minor at the time of trial, was born of the marriage on July 15, 1993. Husband filed a petition for dissolution on December 5, 2001.

At the time of trial, husband's annual salary was $60,000.00, with an annual bonus of approximately $58,000.00, for a gross annual income of $118,000.00, or $9,833.00 per month. Wife earned a gross annual salary of $48,000.00 from her employment as a teacher. Wife's net monthly income from wages was $2,877.22, and she had an inheritance of $75,000.00. She testified she was in a 25% tax bracket.

After the trial, the trial court entered a decree of dissolution, which awarded wife $950.00 per month in maintenance and $783.00 per month in child support. Husband and wife both appealed that judg-

ment. We reversed the award of maintenance and remanded to the trial court for specific findings supporting wife's reasonable needs and expenses by category and amount. *Neu v. Neu,* 130 S.W.3d 723, 724 (Mo.App.2004).

On remand, the trial court entered an amended judgment. The court found that wife's reasonable monthly expenses were $4,554.33. As relevant to this appeal, the court included in wife's reasonable living expenses: (1) $725.00 for "Additional Expenses for Children"; (2) $300.00 for life insurance policy premiums; and (3) $1,085.00 for payment of the first and second mortgage on wife's home. It did not include monthly automobile or vacation expenses for wife. The court found that wife lacked sufficient property to provide for her reasonable needs, that she was appropriately employed, and that she was unable to completely support herself. The court further found that husband had the ability to meet his reasonable monthly expenses and contribute to wife's support. The court did not impute income to wife for the three months of each summer that she was employed, but did not teach. It awarded wife monthly maintenance of $950.00.

## DISCUSSION

■ We will affirm a judgment of dissolution unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Whitworth v. Whitworth,* 878 S.W.2d 479, 483 (Mo. App.1994). The trial court has broad discretion in awarding maintenance. *Underwood v. Underwood,* 163 S.W.3d 490, 491 (Mo.App.2005). We will only interfere with a maintenance award when it is patently unwarranted or wholly beyond the means of the paying spouse. *Colquitt v. Muhammad,* 86 S.W.3d 144, 150 (Mo.App. 2002). The party challenging the award

has the burden of showing the award was an abuse of the trial court's discretion. *Stock v. Stock,* 158 S.W.3d 284, 290 (Mo. App.2005).

## HUSBAND'S APPEAL

For his sole point on appeal, husband challenges the court's award of maintenance to wife in the amount of $950.00. He claims that the trial court misapplied the law in considering child support-related expenses and child care. He also argues the trial court erred in failing to impute additional income to wife.

### A. *Wife's Reasonable Needs*

■ A maintenance award is aimed at closing the gap between the income of the spouse seeking maintenance and that spouse's monthly expenses. *N.M.O. v. D.P.O.,* 115 S.W.3d 854, 857 (Mo.App. 2003). To determine whether the party seeking maintenance has met his or her burden under section 452.335(1) RSMo (2000), the trial court must determine whether the expenses claimed constitute "reasonable needs" of the requesting party. *Brooks v. Brooks,* 957 S.W.2d 783, 790 (Mo.App.1997). The party seeking maintenance has the burden to prove both the expenses included in his or her reasonable needs and the amount of those expenses. *Cohen v. Cohen,* 73 S.W.3d 39, 50 (Mo.App. 2002). While it is true that a maintenance award "need not necessarily permit continuation of a prior standard of living, that lifestyle, together with the length of marriage, are factors to be considered and frequently provide evidence of what the parties have determined their reasonable needs to be." *In re Marriage of Torix,* 863 S.W.2d 935, 941 (Mo.App.1993).

### 1. *Child Support–Related Expenses*

■ Husband first contends that the court erred when it included in wife's reasonable needs the amount of $725.00 for

"Additional Expenses for Children." We agree.

■ Awards of spousal maintenance and awards of child support are two distinctly separate concepts. *Nichols v. Nichols*, 14 S.W.3d 630, 637 (Mo.App. 2000). "[M]aintenance is for the needs of the recipient spouse; maintenance is not for child support." *Id.* In determining a spouse's need for maintenance, the trial court "is not to consider any amounts expended for the direct care and support of a dependent child." *Cohen*, 73 S.W.3d at 51.

The trial court erred when it included in wife's reasonable expenses $725.00 designated as child support-related expenses. On remand, this amount should not be included in the determination of wife's reasonable expenses.

### 2. Life Insurance Premiums

■ Wife's Statement of Income & Expenses shows a monthly life insurance payment of $300.00. However, at trial, wife admitted that this was the premium on husband's life insurance policy that she no longer paid for. On this record, the trial court abused its discretion in including $300.00 per month for life insurance premiums as part of wife's reasonable needs. On remand, this amount should not be included in the determination of wife's reasonable needs.

### 3. Payments on Home Equity Loan

■ Husband next argues that the trial court erred when it included in wife's reasonable needs an amount of $300.00 for monthly payments on a home equity loan. Specifically, husband argues that a line of credit is not, in itself, a reasonable living expense. Husband further argues that because payments on a second mortgage increase the value of wife's marital property, it would be inequitable to include the expense in wife's reasonable needs for maintenance purposes. However, husband does not support his argument with authority or a legal rationale explaining, beyond conclusions, why he should prevail in the absence of authority. Accordingly, this issue is considered abandoned. *Beatty v. State Tax Com'n*, 912 S.W.2d 492, 498–99 (Mo. banc 1995); *In re Marriage of Kreutzer*, 50 S.W.3d 334, 338 (Mo.App. 2001).

■ We have *ex gratia* reviewed husband's argument and find it has no merit. Husband testified at trial that he and wife took out the home equity loan in order to paint the home, make repairs, and pay other home-related expenses. Additionally, they used about $15,000 of the line of credit to purchase a boat, which was awarded to husband. Wife's monthly debts "must be considered in deciding whether she can meet her reasonable needs without maintenance." *Kreutzer*, 50 S.W.3d at 338. The trial court did not abuse its discretion when it included the second mortgage in wife's reasonable expenses.

### B. Failure to Impute Income to Wife

■ Husband last maintains that the trial court erred in awarding maintenance to wife because wife could earn additional income by working summers. He also asserts the trial court erred when it considered that wife would have child care expenses if she obtained additional employment during the summer, which would increase her monthly expenses. As a teacher, wife was employed full-time and was paid year round, but did not teach during the summer months. We do not reach the merits of this claim because husband waived it by failing to challenge the trial court's failure to impute income to wife in its Form 14 child support calculations.

■ To determine the reasonableness of a trial court's findings with respect to maintenance, we may look at the trial

court's Form 14 child support calculations. *Evans v. Evans*, 45 S.W.3d 523, 531 (Mo. App.2001). Absent an evidentiary or legal basis for treating the calculations differently, a trial court may not treat imputation of income on its Form 14 child support calculations in a different manner than in its maintenance calculations. *Id.* A party's failure to challenge the imputation of income in the trial court's Form 14 calculations waives a claim of error with respect to the imputation of income for purposes of maintenance. *Id.; Schroeder v. Schroeder*, 924 S.W.2d 22, 27 (Mo.App.1996).

Here, the trial court did not impute income to wife in its Form 14 calculations. Although child support was not an issue on remand and could not be raised in this appeal, in his original appeal husband did not challenge the trial court's failure to impute income to wife on its Form 14. As a result, husband has waived any claim of error relative to the court's failure to impute income to wife for maintenance purposes. *Schroeder*, 924 S.W.2d at 27.

### WIFE'S APPEAL

For her sole point on appeal, wife maintains that the trial court erred in awarding only $950.00 per month in maintenance because her expenses exceeded her net monthly income by an amount greater than that. She asserts that her net monthly income was $2,681.00 per month and that the trial court should have included automobile and vacation expenses in her reasonable needs.

#### A. *Wife's Net Income*

■ Wife premises her argument that her expenses exceed her income on a net monthly income she claims to be $2,681.00. The trial court did not show in its findings what it found wife's net monthly income to be. Wife's Statement of Income and Expenses showed total average net income from wages to be $2,877.22. The trial court imputed $250.00 per month to her

from an inheritance. It is unclear whether the imputed amount was a gross amount or a net amount after taxes.

■ A court may properly consider a spouse's expenses in light of his or her net income after taxes, because "expenses must be paid with after-tax dollars." *Childers v. Childers*, 26 S.W.3d 851, 857 (Mo.App.2000). *See generally In re Marriage of Buchholz*, 139 S.W.3d 607 (Mo. App.2004); *Kaelin v. Kaelin*, 988 S.W.2d 657 (Mo.App.1999); *In re Marriage Tappan*, 856 S.W.2d 362 (Mo.App.1993); *In re Marriage of Zavadil*, 806 S.W.2d 506 (Mo. App.1991).

It is apparent that the trial court was using net income and not gross income in concluding that wife's expenses exceeded her income. However, the court did not make specific findings on the amount of net income wife received from either wages or inheritance, and we cannot deduce these amounts from the judgment. To avoid further question, on remand the trial court should specify the amount of net monthly income wife can receive from her inheritance and her monthly net income from wages and use the sum of these two figures when it makes its recalculations.

#### B. *Wife's Reasonable Needs*

##### 1. *Automobile Expenses*

■ Wife contends that the trial court abused its discretion in not awarding her any amount for reasonable automobile expenses. We agree.

Evidence was adduced at trial that, throughout their twelve-year marriage, husband and wife each purchased or leased a new car every two to three years, and they had spent $550.00 per month to lease wife's previous car. Wife testified that she did not own or lease a car at the time of trial, but she intended to purchase a vehicle and anticipated incurring monthly automobile expenses of $500.00. Until she

could obtain another vehicle, wife was borrowing a ten-year-old car that was in her mother's estate.

A court may properly consider expenses that a spouse plans to incur and that will meet reasonable needs when the anticipated expenses are typical of those reasonably incurred during the marriage, even though the spouse may not be incurring those expenses at the time of trial. *Goodwin v. Goodwin,* 746 S.W.2d 124, 127 (Mo.App.1988). A court will not penalize a spouse for temporarily accepting housing or transportation from family members or others while the dissolution case is being resolved. *Id.* The record supports a conclusion that wife, who is employed as a teacher, will require her own vehicle to meet her reasonable transportation needs, as she did during the marriage, although she did not own or lease one at the time of trial.

On remand, the trial court should determine a reasonable amount for wife's monthly automobile expense and include it in its calculation of maintenance.

### 2. *Vacation Expenses*

Wife also maintains that the trial court erred in not including $200.00 per month in her reasonable living expenses for vacation costs. However, wife did not request that the court consider vacation expenses as part of her reasonable needs, include vacation costs in her Statement of Income & Expenses, or testify that she had anticipated vacation expenses. A trial court cannot be convicted of error for failing to take action that was never requested. *U.S. Central v. Manchester Life and Cas.,* 952 S.W.2d 719, 723 (Mo.App.1997). This part of wife's point is denied.

### Conclusion

That part of the judgment awarding maintenance is reversed and remanded with directions to recalculate maintenance in accord with the directions in this opinion. Because the change in maintenance would necessarily affect lines 1a and 2b of Form 14 and the resulting calculations, the child support award is also reversed and remanded for recalculation using the new maintenance award. In all other respects, the judgment is affirmed.

PATRICIA L. COHEN, P.J. and ROBERT G. DOWD, JR., J., concur.