Gary Steven KAYS, Appellant,

v.

Deborah Clauss KAYS, Respondent.

No. ED 87043.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 26, 2006.

Sanford J. Boxerman, St. Louis, MO, for appellant.

Richard G. Steele, Frank C. Bertrand III, Cape Girardeau, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Gary Kays ("Husband") appeals from a judgment of the trial court of dissolution of marriage. Husband claims two points on appeal. First, Husband claims that the trial court erred in ordering him to pay maintenance to Deborah Kays ("Wife") because she failed to establish her eligibility for maintenance. Second, Husband alleges that the trial court erred in its calculation of his child support payment because the maintenance payment was omitted from the Form 14 calculations. We reverse in part and affirm in part.

### Factual and Procedural Background

Husband and Wife were married on June 10, 1978. Four children were born of their marriage: Michael, born November 17, 1983; Stephanie, born April 28, 1986; Megan, born March 29, 1988; and Steven, born March 29, 1990. Husband filed a petition for dissolution of marriage on June 3, 2004. At that time, Michael and Stephanie were emancipated. Megan resided with Wife in Delaware and Steven resided with Husband in Missouri.

On June 8, 2005, the trial court granted a dissolution of marriage. The trial court granted Husband custody of Steven, but declined to enter any custody orders regarding Megan since Missouri was no longer her home state. Among other findings, the trial court imputed income to Wife of $36,000.00 per year. Finding that Wife's needs exceeded her monthly income by $400.00, the trial court ordered Husband to pay her $400.00 per month for maintenance. The trial court rejected the Form 14's for both Husband and Wife and prepared its own form for each of them. Using the forms it had prepared, the trial court found that Husband owed Wife $608.16 per month for Megan's support. Husband filed this appeal.

### Standard of Review

The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong. *Id.*

We will only interfere with a maintenance award when it is patently unwarranted or wholly beyond the means of the paying spouse. *In re Marriage of Neu*, 167 S.W.3d 791, 795 (Mo.App. E.D.2005). The party challenging the award has the

burden of showing the award was an abuse of the trial court's discretion. *Id.*

### Maintenance

█ In his first point relied on, Husband claims that the trial court erred in ordering him to pay maintenance to Wife. He argues that Wife failed to establish her eligibility for maintenance under the threshold test set forth in Section 452.335.[1] We agree. Husband claims that the maximum amount of Wife's reasonable needs is less than the amount of imputed income she has.

█ A maintenance award is aimed at closing the gap between the income of the spouse seeking maintenance and that spouse's monthly expenses. *Neu,* 167 S.W.3d at 795. To determine whether the party seeking maintenance has met his or her burden under Section 452.335, the trial court must determine whether the expenses claimed constitute reasonable needs of the requesting party. *Id.* The party seeking maintenance has the burden to prove both the expenses included in his or her reasonable needs and the amount of those expenses. *Id.* Section 452.335 states, in relevant part:

1. In a proceeding for nonretroactive invalidity, dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is

the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

In the case before us, Wife submitted Form 68–H–1, Income and Expense Statement. During the hearing, Husband's counsel questioned Wife concerning some of the monthly expenses she submitted on the form:

HUSBAND'S COUNSEL:—you're not paying $300 a month to anyone for furniture, are you?

WIFE: A month, no.

. . .

HUSBAND'S COUNSEL: Okay. And with respect to your food expenses, you're not spending $550 a month for your food expenses, are you?

WIFE: At this time, no, I'm not.

Later, the court questioned her about some of the other entries:

THE COURT: Ma'am, I notice on here you got $271 for health insurance. Do you have health insurance plan—

WIFE: I have no idea why that's on there. I saw that yesterday in his office and I don't have health insurance and I don't know why—

THE COURT: And you got $145 for insurance for a car on [an] emancipated daughter?

WIFE: Yes. And [Husband] pays the car loan.

THE COURT: I guess I'm confused by your testimony. You just now testified it takes $1,400 a month to operate the household, but on your income and expenses statement, you have $700.

WIFE: Seven hundred is rent only.

1. All statutory references are to RSMo.2004,     unless otherwise indicated.

THE COURT: Well, you have $400 on this, ma'am.

WIFE: Pardon me?

THE COURT: You have $400 on your income and expense statement.

WIFE: For the rent payment?

THE COURT: Yes, ma'am. You—well, you didn't sign this, so I can't say it's under oath.

WIFE: No rent is $700.

THE COURT: That's not what you show and it's not what you admitted into evidence, ma'am. I'm also confused you show on your income and expense statement that you had $16,000 of income last year, but your testimony on your tax returns you had $33,000. What's your correct—

WIFE: That was submitted before I—that—that didn't include the whole year's worth of work.

THE COURT: So this basically is meaningless income and expense statement?

HUSBAND'S COUNSEL: Judge, I think in—

WIFE: I don't—

HUSBAND'S COUNSEL:—fairness to her, based on what he said, she signed this in 2004 and I'm guessing she would have been talking about her income in 2003.

THE COURT: I don't understand how the Court's to use—

WIFE: Uh-huh.

THE COURT:—any of this information—

HUSBAND'S COUNSEL: Yeah.

THE COURT:—if it's totally inaccurate.

Based on the foregoing, we find that the trial court erred when it found that Wife's reasonable monthly expenses exceeded her monthly income. By the court's own words, much of the information in her statement was "totally inaccurate." Thus, the court had insufficient evidence before it to determine whether Wife's reasonable needs exceeded her income when it ordered Husband to pay maintenance of $400.00.

Because Wife did not meet her burden to prove the amount of her expenses, the portion of the judgment awarding maintenance is reversed.

### Husband's Child Support

In his second point relied on, Husband claims that the trial court erred in its calculation of his child support payment. Husband contends that the trial court incorrectly completed the applicable Form 14's in that it failed to deduct from Husband's income and failed to add to Wife's income, the amount of maintenance that it ordered Husband to pay. Wife acknowledges that the trial court failed to include the maintenance award when it calculated child support and she concedes that this was error.

▮▮▮▮ In determining an award of child support in any proceeding, the trial court is required by Section 452.340.8 and Rule 88.01 [2] to follow the two-step procedure set forth in *Woolridge v. Woolridge. Ricklefs v. Ricklefs*, 39 S.W.3d 865, 869–870 (Mo.App. W.D.2001). (internal citation omitted). First, the court must determine and find for the record the presumed child support award ("PCSA"), in accordance with Form 14. *Id.* at 870. Second, the court, after considering all relevant factors, must determine whether to rebut the PCSA as being unjust or inappropriate. *Id.* In calculating the PCSA, as required in the first step of the procedure, the trial court can either accept one of the Form 14

**2.** All rule references are to Mo. Rules Civ. P.2004, unless otherwise indicated.

calculations of the parties or reject both calculations and do its own Form 14 worksheet. *Id.*

In the case before us, the trial court rejected both Husband and Wife's Form 14 calculations and completed its own Form 14 worksheet for Husband and for Wife. The court calculated the PCSA using its Form 14 calculations. Husband states in his brief that if we find that Wife is not entitled to maintenance, "then the trial court's child support calculation will be correct." In light of our finding on maintenance, we find that the trial court correctly completed the Form 14's and thus, its child support calculation are correct. This portion of the judgment is affirmed.

Judgment reversed in part and affirmed in part.

KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.