Teresa MAURER, Appellant,

v.

Derek MAURER, Respondent/Cross–
Appellant.

No. ED 97269.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 25, 2012.

Motion For Rehearing And/Or Transfer to
Supreme Court Denied Nov. 13, 2012.

1. Unless otherwise indicated, all further references are to RSMo 2000.

Susan K. Roach, W. Edwin Roussin, The Roach Law Firm, Clayton, MO, for Appellant.

Jane E. Tomich, Knight & Tomich, St. Charles, MO, for Respondent.

KURT S. ODENWALD, Judge.

*Introduction*

Both parties appeal from the trial court's judgment in an underlying dissolution action characterized by the lamentable inability of parents to overcome their mutual personal hostilities and contempt in order to serve the best interests of their children. Teresa Maurer ("Wife") appeals from the trial court's judgment in her marital dissolution action against Derek Maurer ("Husband"). Wife asserts multiple points of error related to the trial court's award of child custody, failure to strike the testimony of the guardian ad litem, division of marital assets, maintenance, and attorney fees. Husband also appeals from trial court's judgment awarding Wife sole legal custody of the children, as well as the trial court's division and valuation of marital property. We vacate the judgment of the trial court on the issue of the division of marital assets and remand this issue to the trial court to address the valuation and award of the Lemon Tree and St. Theresa

properties and the cash payment from Husband to Wife intended to equalize the division of marital assets. We also remand to the trial court for clarification as to the custody period during Mother's Day and Father's Day weekends. The judgment of the trial court is affirmed in all other respects.

### Factual and Procedural History

Viewed in the light most favorable to the judgment of the trial court, the evidence at trial was as follows. Husband and Wife were married on November 2, 1996. Three children were born of the marriage. Wife was the primary caregiver of the children. Husband and Wife jointly owned real property that generated rental income. Husband owned some real property separately from Wife. Husband and Wife also owned a family lawn care business. Husband derived income from the family business and Wife received income from outside employment.

On June 8, 2010, Wife petitioned for divorce. Several days before petitioning for divorce, Wife withdrew approximately $34,000 from various marital accounts. The trial court entered a judgment *pendent lite* awarding temporary joint legal and physical custody of the children and ordered Husband pay temporary child support to Wife. In September 2010, the trial court appointed a guardian ad litem.

The divorce proceedings were difficult. Husband and Wife demonstrated a highly contentious relationship. Wife asserted that the best interests of the children would be served by awarding her sole legal and physical custody. During the divorce proceedings, Wife accused Husband of assault. The trial court dismissed the accusation as contrived. At trial, Wife testified that the children were afraid of Husband and had a poor relationship with him. Husband requested the trial court grant joint physical and legal custody. The guardian ad litem testified at trial that Wife was emotionally and financially unstable, and recommended that Husband receive sole legal custody and that Husband and Wife share joint physical custody.

The trial court noted that the parties "share a mutual contempt for one another" and had been "hostile" to each other following the separation. The trial court found that Wife had been inflexible and obstructionist regarding Husband's ability to participate in the lives of the children, and that the relationship between Husband and the children would suffer if Wife received sole physical custody. The trial court also found that there was no credible evidence that Husband would obstruct the relationship between Wife and the children. Despite the difficulties existing between Husband and Wife, both parents were seen to have loving and positive relationships with the children. The trial court, therefore, awarded joint physical custody of the children. However, the trial court awarded sole legal custody to Wife because Wife had been the primary caregiver to the children during the marriage, and because the trial court found that Husband and Wife were incapable of making joint decisions regarding the children.

The trial court divided the marital property in approximately equal portions. In its award, the trial court categorized several parcels of real property as Husband's separate property, in whole or part. The trial court divided the remaining real property, the business, and other assets between Husband and Wife. The trial court awarded Husband a higher valued amount of the marital real estate and the entirety of the family lawn care business. To equalize the distribution of marital assets, Husband was ordered to pay Wife $146,189. The trial court denied Wife's

request for maintenance and attorney fees. Both parties now appeal.

## Points on Appeal

Both parties present multiple points on appeal. Wife argues that the trial court committed reversible error by: (1) granting joint physical custody of the children; (2) failing to award maintenance to Wife; (3) failing to strike the trial testimony of the guardian ad litem; (4) incorrectly valuing the marital business; (5) failing to grant Wife attorney fees; and (6) reducing Wife's award of marital assets by an amount she withdrew immediately prior to filing her petition for divorce. Husband cross-appeals, arguing that the trial court erred in: (1) awarding Wife sole legal custody of the children; (2) reducing Husband's award of marital property by an award of the value of Husband's separate property; and (3) imposing a holiday custody schedule for the children that was ambiguous and unenforceable.

## Standards of Review

We review the judgment of the trial court in the division of marital assets and child custody determinations under the standard set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *Lindsey v. Lindsey,* 336 S.W.3d 487, 491 (Mo.App. E.D.2011). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We defer to the trial court's determinations of credibility and we view the evidence and inferences in the light most favorable to the judgment. *Id.* Additionally, when reviewing child custody awards, we defer to the broad discretion of the trial court and will affirm unless we are firmly convinced that the welfare of the children requires a dif-

ferent result. *Stangeland v. Stangeland,* 33 S.W.3d 696, 703 (Mo.App. W.D.2000).

We review the admission of evidence for an abuse of the trial court's discretion. *Estate of Markley,* 922 S.W.2d 87, 91 (Mo. App. W.D.1996). In court-tried cases, we grant the trial court wide latitude in admitting evidence and presume that the court does not consider incompetent evidence. *Id.*

We review the denial of a request for a maintenance award for an abuse of the trial court's discretion. *Nichols v. Nichols,* 14 S.W.3d 630, 635–36 (Mo.App. E.D. 2000).

We review the denial of a request for attorney fees for an abuse of the trial court's discretion. *Hihn v. Hihn,* 237 S.W.3d 607, 609–10 (Mo.App. E.D.2007).

## Discussion

### I. Sufficient evidence exists to support the trial court's judgment regarding physical and legal custody.

In her first point on appeal, Wife asserts that insufficient evidence exists to support the trial court's judgment granting joint physical custody of the children. Similarly, in his first point on appeal, Husband argues that insufficient evidence exists to support the trial court's judgment awarding sole legal custody to Wife. We consider both points of appeal together, and find that neither point has merit.

In establishing a child custody order, the trial court must consider all relevant factors, including the statutory considerations set forth in Section 452.375.2.[1] Section 452.375.2. In its custody order, the trial court clearly set forth its findings under each statutory factor. The trial court considered the wishes of the parties; the right

---

1. All statutory references are to RSMo. 2010.

of the children to have meaningful relationships with both parents; assessed the children's relationships; the willingness of the parents to support the children's relationship with the other parent; the children's adjustment to their environment; the mental and physical health of the parties and children; the potential for physical relocation; and the wishes of the children themselves. *See* Section 452.375.2(1)-(8). In its order, the trial court made specific findings, supported by the record, responsive to each statutory factor.

■ Contrary to the parties' claims, sufficient evidence exists to support the trial court's judgment regarding custody. The issues relating to both physical and legal custody were challenging as a result of the obvious and regrettable contempt exhibited by both Husband and Wife. Because both parents were unable to rise above their mutual contempt and hostility in order to better serve their children, the trial court determined that joint legal and joint physical custody was not a realistic option. *See* Section 452.375.5(1). The record supports this decision, which we will not disturb. Although Wife was the primary parental figure during the marriage, the trial court determined that there was a substantial risk that Wife would impair the relationship between Husband and the children if she were granted sole physical custody. In light of this risk, the trial court found that the best interests of the children were served by granting Husband and Wife joint physical custody. The trial court's judgment awarding joint physical custody is supported by the testimony of the guardian ad litem, the parties, and the children. We defer to the ability of the trial court to weigh the evidence at trial. *See Lindsey,* 336 S.W.3d at 494–95; *Stangeland,* 33 S.W.3d at 703. Point denied.

■ While finding joint physical custody served the best interests of the children, the trial court declined to award joint legal custody to Husband and Wife due to their lack of commonality of beliefs. *See* Section 452.375.5. The record supports the trial court's finding that the personal relationship of Husband and Wife prevented any reasonable chance of joint decision-making. Evidence adduced at trial showed that little if any communication existed between Husband and Wife. Although the trial court raised a concern that awarding Wife sole physical custody of the children was not in the children's best interest, the trial court nevertheless found that the best interests of the children were served by awarding Wife sole legal custody. The trial court relied on evidence that Wife had been the primary caretaker of the children during the parties' marriage, coordinated the majority of the children's extensive extra-curricular activities, participated in the children's schooling activities, and has generally managed the children's everyday lives. The trial court also noted that Husband spends a significant amount of time maintaining the lawn care business. Husband and Wife managed a workable partnership during their marriage by dividing their responsibilities in a manner in which Wife served as the primary caregiver for the children. Given the evidence of the parties' inability to engage in any meaningful joint decision-making regarding the children, the trial court found Wife's experience participating in and managing the children's daily lives made her the most appropriate party to receive sole legal custody following the dissolution. The record reflects that the trial court's conclusion is regrettably well supported by the evidence adduced at trial, including substantial testimony of the parties, the guardian ad litem, and the children. In-

deed, the record lacks any reasonable alternative in light of the acerbic environment created by Husband and Wife. Given the substantial record before the trial court, and deferring to the trial court's view of the evidence, we hold that the judgment of the trial court awarding sole legal custody to Wife was not in error. Point denied.

## II. The trial court's judgment is vague and unenforceable as to child custody during Father's Day and Mother's Day weekends.

■ In his third point on appeal, Husband argues that the trial court erred in setting the scheduling order for Mother's Day and Father's Day. Husband does not argue that the trial court's judgment is substantively erroneous, but asserts that the judgment is insufficiently clear as to the time custody is scheduled to begin and end during those holiday weekends. We agree.

The Parenting Plan entered as part of the trial court's judgment articulates a schedule for physical custody as it relates to holidays. The trial court awarded custody of the children to Wife during Mother's Day weekend and to Husband during Father's Day weekend. However, unlike its order establishing a specific time period of custody for all other holiday weekends, the trial court did not specify the beginning or ending hours of custody during Mother's Day and Father's Day weekends. Given the significant concerns raised by the trial court in its judgment regarding the ability of the parties to cooperatively parent, we remand this matter to the trial court for clarification on the days and times of physical custody of the children during Mother's Day and Father's Day weekends. Point granted.

## III. The trial court did not abuse its discretion in allowing testimony from the guardian ad litem.

■ In her second point on appeal, Wife argues that the trial court erred in allowing testimony from the guardian ad litem over Wife's objection. Wife alleges that the guardian ad litem was biased against her and offered biased and prejudicial testimony at trial. Wife argues that, given the bias of the guardian ad litem, the trial court erred in admitting and considering his testimony. We disagree.

■ The core of Wife's argument is that the trial court should have excluded the testimony of the guardian ad litem because of his bias against Wife, and that the trial court's refusal to disallow the testimony prejudiced Wife as reflected in the trial court's judgment on the issue of child custody. It is well settled in Missouri that, in a court-tried case, the trial court is allowed wide latitude in the admission of evidence. *Markley*, 922 S.W.2d at 91. We also begin our analysis with the presumption that the trial court does not consider incompetent evidence. *Id.* Moreover, potential bias of a witness goes to the weight the fact-finder awards the witness's testimony, not the admissibility of the testimony. *See State v. J.L.S.*, 259 S.W.3d 39, 44–45 (Mo.App. W.D.2008).

Here, Wife's allegations of bias against her by the guardian ad litem was an issue of credibility for the fact-finder and affected the weight of the testimony, not its admissibility. The record on appeal reveals that the guardian ad litem conducted extensive interviews with both parents, providing sufficient foundation from which to draw his recommendations as to custody of the children. We are unwilling to hold that the trial court abused its discretion in admitting the testimony of the guardian ad litem. Point denied.

**IV. Sufficient evidence exists to support the trial court's judgment valuing and awarding the marital lawn care business and deducting squandered money from Wife's award. The record does not contain sufficient evidence supporting the trial court's valuation and award of the Lemon Tree and St. Theresa Properties and the associated cash payment from Husband to Wife to equalize the division of marital assets.**

Both parties appeal from the trial court's judgment as to its division of marital property and assets. In her fourth and sixth points on appeal, Wife argues that the trial court erred in undervaluing the lawn care business and in deducting $32,654 from Wife's portion of marital property and assets. In his second point on appeal, Husband contends that the trial court erred in valuing and apportioning the marital assets in a manner that necessitated a payment of $146,189 from Husband to Wife. We address each point in turn.

A. *Lawn care business*

■ In her fourth point on appeal, Wife argues that the trial court erred in its valuation of the marital lawn care business. Specifically, Wife alleges that the trial court considered only the asset value of the business and erroneously ignored the future income of the business.

■ In valuing marital property, we give great deference to the conclusions of the trial court. *Dowell v. Dowell*, 203 S.W.3d 271, 275–76 (Mo.App. W.D.2006). The trial court is free to believe or disbelieve any testimony, including that of an expert. *Id.* The trial court's judgment will be affirmed if the trial court's valuation of property is within the range of conflicting evidence presented at trial. *Id.*

In this case, the trial court's valuation of the business is sufficiently supported by evidence in the record. Notably, Wife introduced and the trial court admitted Exhibit 12 into evidence at trial. Exhibit 12 is a valuation of the lawn care business compiled by Wife's expert witness. Wife's expert witness concluded that an income-based approach to valuing the lawn care business was inappropriate in divorce proceedings. Rather, Wife's expert concluded that the adjusted asset value-going concern method of business valuation was "the most appropriate [valuation method] to use in the context of an owner-operated service business for marital litigation purposes in Missouri." Under this method, Wife's expert valued the lawn care business at $68,000, which the trial court adopted as the actual value of the business when dividing the marital assets. Wife cannot now complain when the trial court relied upon credible evidence of valuation methods that she introduced at trial. The evidence in the record supports both the valuation method applied by the trial court and the actual value assigned for the lawn care business. Finding no error by the trial court, we deny Wife's fourth point.

B. *Wife's withdrawal from marital accounts*

■ The evidence presented at trial supports the trial court's judgment deducting $32,654 from Wife's award of marital assets. The trial court has broad discretion in making determinations related to the squandering of marital assets by one party. *Manning v. Manning*, 292 S.W.3d 459, 464 (Mo.App. E.D.2009). If the trial court determines that one party has unjustifiably withdrawn marital funds, it is within the discretion of the trial court to reduce that party's award of marital assets commensurately. *Neal v. Neal*, 281 S.W.3d 330, 342 (Mo.App. E.D.2009).

Evidence was presented at trial that Wife withdrew the sum of $32,654 from the marital personal and business bank accounts a few days before she filed her petition for divorce. During her testimony at trial, Wife offered no explanation for the withdrawals, but acknowledged having spent the entire sum. This testimony provides a sufficient basis for the trial court to conclude that Wife's withdrawal of the $32,654 from marital accounts constituted an unreasonable dissipation of marital assets and to deduct that amount from Wife's property award. *See Stratman v. Stratman,* 948 S.W.2d 230, 239 (Mo.App. W.D.1997). Accordingly, Wife's sixth point on appeal is denied.

C. *Lemon Tree Property and St. Theresa Property*

In his second point on appeal, Husband asserts that the trial court erred in its division of the Lemon Tree Property and St. Theresa Property. Specifically, Husband argues that the trial court determined that the parcels of real estate were Husband's separate property, but then inadvertently deducted the value of the Lemon Tree Property from Husband's award of marital property. Husband also avers that the trial court erred in its assignment of value to the St. Theresa Property. We agree.

In its judgment, the trial court found that Husband purchased the Lemon Tree Property prior to the parties' marriage. The trial court specifically held that the Lemon Tree Property was Husband's separate non-marital property. Yet, in Exhibit 3—The Court's Division of Property, the trial court incorrectly lists Husband's $65,346 equity interest in the Lemon Tree Property as both separate property, and marital property assigned to Husband by the trial court. More specifically, the trial court awarded Husband marital interests of $183,427 (Randy Property); $65,346 (Lemon Tree Property); $233,555 (Gilliam Property); and $12,448 (Osage Property) for a total of $494,776. As Husband contends, the $65,346 for the Lemon Tree Property should not have been included in the trial court's calculation of Husband's share of marital property because the trial court held that the property was Husband's separate property. As a result of the trial court's error, the trial court deducted the value of the Lemon Tree Property from Husband's share of marital assets, inadvertently awarding Husband a smaller portion of marital property. This error also caused the trial court to incorrectly determine the amount of the payment required of Husband to Wife to equalize the parties' shares of marital property and assets.

Wife asserts that the trial court's assignment of the Lemon Tree Property was not incorrect. Wife contends that Exhibit 3 shows that the trial court entered the "Total Marital Value" of the property as zero. We agree that the trial court's error with regard to its listing of the Lemon Tree Property on Exhibit 3 has caused some confusion. However, Exhibit 3 expressly lists the $65,346 value of the Lemon Tree Property in the "To Husband" category of Exhibit 3. An assignment of value within the "To Husband" category was an award of marital property to Husband, not separate property. As a result, Husband's total award of marital property was erroneous and not supported by substantial evidence because the award included Husband's separate property valued at $65,346. The trial court erroneously reduced Husband's award of total marital property.

Husband also correctly notes that the trial court incorrectly valued and awarded an interest in the St. Theresa Property. In its judgment the trial court awarded the St. Theresa Property to Wife. The parties

presented evidence that a $59,054 mortgage lien existed on the property. Following the parties' evidence as to the appraisal value of the property, the trial court assigned a value of $140,000 to the St. Theresa Property. The trial court therefore found that the St. Theresa property had a marital value of $80,946. However, in Exhibit 3—The Court's Division of Property, the trial court assigned the value of the property to Wife as $80,946, but designated the marital property value as $80,949. As Husband correctly notes, the trial court's error increased the trial court's valuation of the marital estate by $3, inadvertently increasing Wife's award.[2] Accordingly, Husband's point on appeal is granted as to the trial court's incorrect assignment of the Lemon Tree Property as both marital and Husband's separate property in the trial court's division of assets, and the trial court's inconsistent valuation of the St. Theresa Property.

## V. The trial court did not abuse its discretion in denying Wife's request for maintenance.

In her second point on appeal, Wife argues that the trial court erred in denying her request for maintenance.

█ The propriety of an award of maintenance is governed by Section 452.335. Maintenance is not appropriate unless a requesting party demonstrates: (1) a lack of sufficient property to provide for his or her reasonable needs, and (2) an inability to support him or herself through appropriate employment. *French v. French*, 365 S.W.3d 285, 291 (Mo.App. S.D. 2012); *Scruggs v. Scruggs*, 161 S.W.3d 383, 395 (Mo.App. W.D.2005); Section 452.335. Although the standard of living of the party during the course of the marriage may

be a factor, there is no requirement that the trial court award maintenance to perpetuate the same standard of living. *Hammer v. Hammer*, 139 S.W.3d 239, 244–45 (Mo.App. W.D.2004). Maintenance is aimed at closing the gap between a spouse's income and his or her monthly expenses. *In re Marriage of Neu*, 167 S.W.3d 791, 795 (Mo.App. E.D.2005).

█ At the time the trial court entered its judgment, Wife earned approximately $60,000 per year. In her third Amended Statement of Income and Expenses, Wife claimed monthly expenses in the nature of $1400 in mortgage payments; $548.14 for utilities; $490 for transportation; $659.05 for insurance; $200 for daycare; $1480 in personal living expenses, excluding living expenses for the marital children; and $1,706 in other monthly expenses including $350 per month for a cellular phone, $250 per month for holidays, $250 for vacations, and $400 per month for yard maintenance.

In this case, the trial court considered the statutory factors provided by Section 452.335. In its analysis, the trial court noted that Wife was gainfully employed and earned an annual gross income of $60,000. The trial court found that Wife earned approximately $3750 per month in net income and received an additional $1200 in child support. The trial court held that given Wife's $5000 per month net income, Wife did not lack sufficient property to provide for her reasonable needs or suffer an inability to support herself through appropriate employment.

█ Although the trial court did not make any specific findings related to the amount of Wife's monthly expenses, Wife does not argue on appeal that she lacks

**2.** Although Husband is well within his legal rights to seek correction of the $3.00 error, the expense and time pursuing this issue on appeal poignantly demonstrates the inability of the parties to work cooperatively.

sufficient property to provide for her reasonable needs. Rather, Wife bases this point on appeal on her argument that a substantial disparity exists between her marital standard of living and her standard of living after the divorce. Wife asserts that Husband's income is substantially higher because the trial court awarded Husband the lawn care business, which generated significantly more revenue in the years immediately preceding the parties' divorce. However, as discussed *supra*, Wife's own expert declined to value the lawn care business using an income-based approach because of the nature of the business. We also note that Section 452.335 does not require that the trial court award maintenance to equalize monthly income, or guarantee the same standard of living for a party after a divorce. *Neu*, 167 S.W.3d at 795. Section 452.335 merely provides discretionary authority for the trial court to make such an award "in such amounts and for such periods of time as the court deems just[.]" Section 452.335.

■ The purpose of maintenance is to bridge the gap between a spouse's income and expenses. *See Neu*, 167 S.W.3d at 795. The party seeking maintenance has the burden of establishing the statutory threshold requirements. *Barton v. Barton*, 157 S.W.3d 762, 766 (Mo.App. E.D. 2005); *see also French*, 365 S.W.3d at 291 (denying maintenance where party fails to meet the burden of proving a lack of sufficient income to meet reasonable expenses). Here, Wife does not allege that she is unable to satisfy her reasonable needs, but contends the trial court abused its discretion by not awarding maintenance so as to equalize her monthly income with Husband's. We reject Wife's argument because Section 452.335 did not require the trial court to award Wife maintenance ab-

sent an inability of Wife to satisfy her reasonable needs. Point denied.

## VI. The trial court did not abuse its discretion in denying Wife's request for attorney fees.

In her fifth point on appeal, Wife argues that the trial court erred in denying her request for an award of attorney fees.

■ In Missouri, the general rule is that all parties are required to pay their own litigation expenses, including attorney fees, unless there is credible evidence of unusual circumstances warranting an award of attorney fees. *Hihn*, 237 S.W.3d at 610. The trial court has broad discretion in awarding attorney fees in a divorce action and the trial court's judgment will not be reversed absent an abuse of that discretion. *Williams v. Williams*, 55 S.W.3d 405, 418 (Mo.App. W.D.2001). In order to show an abuse of discretion, the complaining party must show that the trial court's denial of a request for attorney fees was "against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.* (holding the trial court did not abuse its discretion in failing to award attorney fees when appellant received roughly half of marital property and had a high income).

■ Here, Wife argues that she is entitled to attorney fees because Husband has more income than Wife and the trial court's judgment awarding her sole legal custody evidences Husband's lack of cooperation with Wife regarding matters affecting the marital children. We are not persuaded. The trial court found that neither party presented credible evidence of any unusual circumstance warranting an award of attorney fees or other litigation expenses. The facts cited by Wife illustrate the difficulty and contentiousness of the divorce proceedings. However, these facts are not so compelling so as to render

the trial court's denial of Wife's request for attorney fees an abuse of the trial court's discretion. *See Williams,* 55 S.W.3d at 418. Moreover, we note that the judgment of the trial court attributes some of the contentiousness of the divorce proceedings to Wife. Wife alleged she was physically assaulted by Husband, a charge the trial court dismissed as not credible. The trial court also indicated in its award of joint physical custody of the marital children that both parties shared mutual contempt for one another. The trial court did not err in exercising its discretion to deny Wife's request for attorney fee. Point denied.

### Conclusion

We vacate the judgment of the trial court as to the division of marital assets, and remand for further proceedings consistent with this opinion on the issue of the division of marital assets as affected by the valuation and award of the Lemon Tree and St. Theresa Properties, and the effect of those awards on the trial court's order that Husband tender a cash payment to Wife to equalize the division of marital assets. We also remand the judgment to the trial court for clarification as to the beginning and ending of the custody period for Mother's Day and Father's Day weekends. The judgment of the trial court is affirmed in all other respects.[3]

LAWRENCE E. MOONEY and PATRICIA L. COHEN, JJ., Concur.

---

3. Wife's motion to strike Husband's First Amended Opening Brief is denied.